Ruffikt, C. J.
 

 In 1834, John Holloway made his will and testament, and therein, after many devises and particular legacies of slaves and other things, he bequeathed as follows:
 
 “
 
 The residue of my estate, if any, to be equally divided among all my children:” and he appointed the defendant King, and three others, his executors. The testator died in 1840, and the will was proved by King and others, the executors, who properly administered the estate, as is admitted in the bill, except as to a certain slave, called Grace. The bill is filed by some of the testators children, against the other children and the executors; and states, as to the said slave, that she belonged to the testator at his death, and was not specifically given away in the will, but formed a part of the residue of the estate, and ought to be divided among all the children equally; but that the defendant
 
 *204
 
 King had her in his possession, and, claiming her as his own property refused to account for her as n part of his testator’s estate. The prayer is, that she may be declared to be a part 0f ifje residue, and distributed accordingly.
 

 It is not material to mention the answers of any of the defendants, except that of King, upon which the only question in the cause arises. He states that he married a daughter of the testator’s by his second wife, who was a daughter of one Halliburton; and that, after the testator had made his will; Halliburton gave to his son-in-law, Holloway, the slave in question: and that the latter never took her into his actual possession, but caused her to be sent directly from Halliburton’s to the. defendant King, as a gift and advancement from Holloway to his daughter, Mrs. King, and her husband; and. that, as such, he, King, received her, and had her in possession for more than three years before and up to the time of Holloway’s death, claiming her as his own; and that the testator, frequently, during that period, declared that he had given the slave to the defendant, King. Upon those facts, the answer insists, that the testator did not consider Gracs as a part of his estate, and that, by a proper construction of the residuary clause, she does not pass under it; but that the testator died intestate as to her, and that thereby the pa-rol gift to King became a perfect title upon the death of Holloway.
 

 The court is relieved from the duty of considering the latter point made in the answer, upon the effect under the act of 1806, of intestacy as to a particular slave
 
 before
 
 put into possession of a child by the parent; upon which doubts may yet be entertained:
 
 Stallings
 
 v
 
 Stallings,
 
 1 Dev. Eq. 298.
 
 Hurdle v Elliott,
 
 1 Ired. 174. We are thus relieved, since there cannot be a doubt that the testator did not die intestate as to this slave. The answer notices the fact, that Holloway acquired the negro after he made his will, and upon that .coupled with the parol gift to King and wife, the argument is founded, that the testator did'not intend to include this slave under the residuary clause. But it is clear law, that a general residuary clause passes a personalty, not otherwise effectually disposed of; although acquired subsequent
 
 *205
 
 ly to the execution of the will. In this respect wills and testaments differ; a devise passing only such land as the party had at the time of making the will, while a disposition of personalty takes all the testator should have at his death. Which last is not, upon any intention to pass a particular chattel, not owned by the testator when he made his will; but it goes upon the general intention declared by him, in the residuary clause, not to die intestate as to any thing.
 
 Sorrey
 
 v
 
 Bright,
 
 I Dev. & Bat. Eq. 113. This instrument, therefore, passes all that it would have done had it been executed immediately before the testator’s death; and, as the words “the residue of my estate” are broad enough to take in this negro, if she belonged to the testator, the only question is, did she belong to him? Upon that there is no doubt. Both parties claim under him, and the defendant, by parol gift, amounting only to a bailment, to hold at the testator’s pleasure, capable of becoming a valid gift
 
 ah initio
 
 upon a condition, which has not happened — that the testator should die intestate. In a case not so strong as this,
 
 McConnell v Peebles,
 
 1 Dev. & Bat. Eq. 601, we held that under a gift of “ all my negro slaves” not only those in the- testators possession, but those previously given by parol to his children, passed. This slave must, therefore, be declared a part of the residue of the testator’s estate, and the usual accounts and directions for a division among the children be ordered.
 

 Per Cubiam, Decreed accordingly